UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 08-92-GWU

NINA NEACE,                                              PLAINTIFF,

VS.                    **MEMORANDUM OPINION**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,              DEFENDANT.

**INTRODUCTION**

The plaintiff brought this action to obtain judicial review of an administrative denial of her application for Disability Insurance Benefits (DIB).  The appeal is currently before the court on cross-motions for summary judgment.

**APPLICABLE LAW**

The Sixth Circuit Court of Appeals has set out the steps applicable to judicial review of Social Security disability benefit cases:

1.   Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled.  If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2.   Does the claimant have any medically determinable physical or mental impairment(s)?  If yes, proceed to Step 3.  If no, the claimant is not disabled.  See 20 C.F.R. 404.1508, 416.908.

3.   Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities?  If yes, proceed to Step 4.  If no, the claimant is not disabled.  See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 461.921.

1

08-92  Nina Neace

4.      Can the claimant's severe impairment(s) be expected to result
        in death or last for a continuous period of at least 12 months?
        If yes, proceed to Step 5.  If no, the claimant is not disabled.
        See 20 C.F.R. 404.920(d), 416.920(d).

5.      Does the claimant have any impairment or combination of
        impairments meeting or equaling in severity an impairment
        listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of
        Impairments)?  If yes, the claimant is disabled.  If no, proceed
        to Step 6.   See 20 C.F.R. 404.1520(d), 404.1526(a),
        416.920(d), 416.926(a).

6.      Can the claimant, despite his impairment(s), considering his
        residual functional capacity and the physical and mental
        demands of the work he has done in the past, still perform this
        kind of past relevant work?  If yes, the claimant was not
        disabled.  If no, proceed to Step 7.   See 20 C.F.R.
        404.1520(e), 416.920(e).

7.      Can the claimant, despite his impairment(s), considering his
        residual functional capacity, age, education, and past work
        experience, do other work--i.e., any other substantial gainful
        activity which exists in the national economy?  If yes, the
        claimant is not disabled.   See 20 C.F.R. 404.1505(a),
        404.1520(f)(1), 416.905(a), 416.920(f)(1).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

        Applying this analysis, it must be remembered that the principles pertinent

to the judicial review of administrative agency action apply.   Review of the

Commissioner's decision is limited in scope to determining whether the findings of

fact made are supported by substantial evidence.  Jones v. Secretary of Health and

Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991).  This "substantial

evidence" is "such evidence as a reasonable mind shall accept as adequate to

2

support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Garner, 745 F.2d at 387.

One of the detracting factors in the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987). These have long been well-settled principles within the Circuit. Jones, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain. Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms. 20 C.F.R. § 404.1529 (1991). However, in evaluating a claimant's allegations of disabling pain:

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective medical evidence confirms the severity of the

3

> alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).

Another issue concerns the effect of proof that an impairment may be remedied by treatment. The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability. Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984). However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations. Id. Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the Court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups. Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987). Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way to afford or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

4

08-92  Nina Neace

Additional information concerning the specific steps in the test is in order.

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987).  The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983).  However, both 20 C.F.R. § 416.965(a) and 20 C.F.R. § 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all.  Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case.  Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had.  E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994).  One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category

if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities.  20 C.F.R. § 404.1567(b).  "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing.  20 C.F.R. § 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990).  If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid.  Ibid. In such cases, the agency may be required to consult a vocational specialist. Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985).  Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert

accurately portrays the plaintiff's physical and mental impairments.  <u>Varley   v.</u>
<u>Secretary of Health and Human Services</u>, 820 F.2d 777 (6th Cir. 1987).

### DISCUSSION

The plaintiff, Nina Neace, was found by an Administrative Law Judge (ALJ)
to have "severe" impairments consisting of right shoulder pain, cervical and lumbar
degenerative disc disease, and depression.  (Tr. 15).  Nevertheless, based in part
on the testimony of a Vocational Expert (VE), the ALJ determined that the plaintiff
retained the residual functional capacity to perform a significant number of jobs
existing in the economy, and therefore was not entitled to benefits.  (Tr. 18-21).  The
Appeals Council declined to review, and this action followed.

At the administrative hearing, the ALJ asked the VE whether a person of the
plaintiff's age, education, and work experience could perform any jobs if she were
limited to no more than "light" level exertion, with the ability to perform postural
activities no more than occasionally, and would be limited to work that did not
require a production rate and would only have occasional contact with coworkers
and the general public.  (Tr. 384).[1]  The VE responded that there were jobs that

_____

[1] The ALJ concluded in her decision that the plaintiff should also avoid
concentrated exposure to hazards such as machinery and heights, but this restriction
was not given to the VE.

08-92  Nina Neace

such a person could perform, and proceeded to give the numbers in which they existed in the state and national economies.  (Tr. 384-5).[2]

On appeal, the plaintiff challenges the ALJ's determination that her testimony was not entirely credible.  The plaintiff alleged disability due to neck and back pain, along with right shoulder pain and nerves.  (Tr. 359-64).  She had stopped her job as an x-ray technician in 1999 due to pain, and had been limited to returning to work on light duty, but none was available, so she stopped work on her own, before working part-time as a sales clerk in a card shop.  (Tr. 357-8).  The ALJ stated that:

> The claimant has provided conflicting information regarding when the disability began.  In the claimant's 2001 application for disability benefits she reported that [s]he became disabled in 1999, yet the claimant now claims in her amended onset date of disability that she became disabled on January 14, 2004.  There is nothing in the medical record to substantiate her claim of disability as of the 2004 date.  In fact, this date coincides with the day after the claimant's original application for benefits was denied by decision on January 13, 2004.  The fact that the claimant provided inaccurate information on a matter so integral to determining disability suggests that much of what the claimant has alleged may be similarly unreliable.

(Tr. 19).[3]

---

[2] The plaintiff lived in the state of Florida at the time of the hearing, and the VE's testimony concerned the number of jobs in that state.

[3] The plaintiff's 2001 application for disability benefits is not contained in the current court transcript, which raises the possibility that the ALJ was considering evidence that is not available to this court.  "Absent evidence of an improvement in a claimant's condition a subsequent ALJ is bound by the findings of a previous ALJ."  Drummond v. Commissioner of Social Security, 126 F.3d 837, 839 (6th Cir. 1997); Acquiescence Ruling 98-4(6).  It is not entirely clear if the ALJ was provided with a copy of the previous ALJ decision, or if any effort was made to locate the decision, but this is

08-92  Nina Neace

There was extensive discussion at the October 19, 2005 administrative hearing of a prior decision by an ALJ dated January 13, 2004, which, according to the plaintiff's counsel, had been appealed to federal district court.  The plaintiff decided, following a discussion which covers several pages in the court transcript, to amend her onset date to the date after the prior ALJ decision.  (Tr. 349-53).[4] Viewed in context, it is clear that questioning the plaintiff's credibility because of the amended onset date was a significant error, albeit presumably due to an oversight.

The defendant suggests that the error was harmless because the medical evidence otherwise supports the ALJ's decision.  However, as Social Security Ruling (SSR) 96-7p states, "[b]ecause symptoms, such as pain, sometimes suggest a greater severity of impairment than can be shown by objective medical evidence alone, any statements of the individual concerning his or her symptoms must be carefully considered if a fully favorable determination or decision cannot be made solely on the basis of objective medical evidence."  SSR 96-7p, p. 3.  The ruling goes on to state that " . . . the adjudicator must consider the entire case record and give specific reasons for the weight given to the individual's statements."  Id., p. 4.  Therefore, it is clear that incorrectly characterizing the change in alleged onset date

_____

an issue that can be addressed on remand given the disposition of the case on other grounds.

[4]In fact, the ALJ, after informing the plaintiff that she had to amend her onset date "freely," stated that she would postpone the hearing "and let it sit until we get the hearing back from U.S. District Court."  (Tr. 352).

08-92  Nina Neace

significantly undermines the ALJ's credibility determination.  Moreover, the plaintiff testified to difficulty performing daily activities, claiming that she dressed herself with difficulty, had help with chores, and could perform only limited shopping.  (Tr. 365, 375-7).  The ALJ opined that her activities of daily living were extensive (Tr. 319), but the Sixth Circuit has noted that minimal daily functions are not comparable to typical work activities.  Rogers v. Commissioner of Social Security, 486 F.3d 234 (6th Cir. 2007).[5]

Therefore, a remand will be required for further consideration.

This the 7th day of January, 2009.

**Signed By:**

**G. Wix Unthank**

**United States Senior Judge**

---

[5]The ALJ did fairly characterize the plaintiff's ability to drive herself from Florida to Kentucky as a factor detracting from her credibility.

10